UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

EDUARD MUNTEANU,

    Defendant.
---------------------------------------------------------X

**ORDER**
12-CR-698 (SJF)

FEUERSTEIN, J.

On November 8, 2012, a grand jury indicted Eduard Munteanu ("defendant") with one (1) count of possession with intent to distribute five hundred (500) grams or more of a substance containing cocaine. [Docket Entry No. 11]. On June 4, 2013, defendant filed a motion seeking to: (1) suppress a statement made by him to law enforcement agents on the ground that the statement was obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966); (2) suppress contraband seized pursuant to the execution of a search warrant that was allegedly obtained upon the basis of an affidavit containing a material falsehood; and (3) compel the government's disclosure of evidence of other crimes, wrongs or acts that it intends to use at trial pursuant to Rule 404(b) of the Federal Rules of Evidence ("Rule 404(b)"). [Docket Entry No. 25]. On June 12, 2013, the Court denied defendant's applications to suppress the contraband and to compel the government to disclose additional evidence and scheduled a hearing to determine the admissibility of the statement. [Docket Entry No. 27]. The hearing was held on July 10, 2013. On July 24, 2013, the Court denied defendant's motion to suppress the statement, finding that the government met its burden to establish by a preponderance of the evidence that the statement was not obtained in violation of Miranda v. Arizona, supra. [Docket Entry No. 32]. Now before

1

the Court is defendant's motion for reconsideration of the Court's denial of his motion for suppression of the contraband. [Docket Entry No. 28]. Defendant's motion for reconsideration is granted and, upon reconsideration, the Court adheres to its original determination.

I. Discussion[1]

The sole basis for defendant's untimely motion is the affidavit of Cassandra Hartmann, the reception desk clerk who was on duty at the Ramada Plaza hotel on the afternoon of October 2, 2012. The affidavit states that (1) it was the agents and not Ms. Hartmann who raised the possibility that another person might be with defendant in his hotel room, (2) Ms. Hartmann accompanied the agents when they entered the room, and (3) the agents remained in the room while she stood outside, with the door security lock keeping the door from locking. [Docket Entry No. 28-1]. According to defendant, the agents' entry into the room constituted an illegal search and the failure to mention it in the search warrant application constituted a material omission.

To challenge the search warrant based on the allegations contained in the supporting affidavit, defendant must demonstrate by a preponderance of the evidence that the affidavit in support of the search warrant deliberately or with a reckless disregard for the truth omitted material information on the issue of probable cause. United States v. Canfield, 212 F.3d 713, 717-18 (2d Cir. 2000). The fact that the agents entered the room and remained there after Ms. Hartmann left did not constitute a material fact on the question of probable cause, as the information provided in Det. Stueber's affidavit was sufficient to establish probable cause, and

---

[1] A discussion of the relevant background to the pending motion may be found in the Court's order dated June 12, 2013. [Docket Entry No. 27]. Familiarity with that opinion is presumed, and only those additional facts relevant to this opinion are described. Unless otherwise indicated, terms used herein have the same meaning as those defined in the order dated June 12, 2013.

the agents' entry into the room prior to issuance of the warrant was not even relevant, much less material to the Magistrate Judge's determination. See Franks v. Delaware, 438 U.S. 154, 171-72 (1978); United States v. Ferguson, 758 F.2d 843, 848-49 (2d Cir. 1985).

Ms. Hartmann's affidavit states only that she stood outside the door after entering the room and ascertaining that there was no one inside. Defendant speculates that, because the agents remained inside the room, they conducted a warrantless search of the room, and, upon finding the seized drugs (inside a suitcase, inside a canister of protein powder), they told Det. Stueber to proceed with the warrant application. In fact, Ms. Hartmann's affidavit does not refute the fact that the agents called Det. Stueber with the room number to complete the affidavit and only then proceeded to Room 300, and that Det. Stueber submitted the search warrant application minutes after learning the room number and completing his affidavit. Defendant was arrested at 4:20 p.m.; the agents obtained defendant's room number at 4:25 p.m.; Det. Stueber was notified of the room number, completed the warrant application and presented it to Magistrate Judge Lindsay's Chambers at approximately 4:41 p.m.; the warrant application was granted at approximately 5:15 p.m.; and the search of defendant's room, which recovered the evidence in question, was begun at 5:18 p.m.

Ms. Hartmann does not state that she saw the agents open defendant's suitcase or that she heard them make a telephone call to Det. Stueber, despite the fact that she was standing outside the room, with the security latch keeping the door from closing. Thus, the claim that Det. Stueber was told to proceed with the search warrant application after the drugs had been uncovered in an illegal search is not credible on its face.

However, even if the agents had conducted a warrantless search, based upon the independent source doctrine and the inevitable discovery of the cocaine in defendant's suitcase,

3

there would still be no basis for a hearing pursuant to Franks v. Delaware, supra.

The independent source doctrine provides that evidence obtained pursuant to a search warrant that is issued after a purportedly illegal search will not be suppressed where (1) probable cause for the warrant is derived from sources independent of the illegal search, and (2) the decision to seek the warrant was not prompted by the illegal conduct. United States v. Johnson, 994 F.2d 980, 986-88 (2d Cir. 1993).

The probable cause for the warrant to search defendant's hotel room was derived from sources independent of the allegedly illegal search, i.e., Det. Stueber's affidavit. Moreover, and despite defendant's conclusory statement to the contrary, the decision to seek a search warrant was made well in advance of the warrantless entry.

The inevitable discovery doctrine also warrants denial of the defendant's motion. Evidence that was illegally obtained will not be suppressed if the government can show by a preponderance of the evidence that the evidence would have inevitably been discovered by lawful means. See Nix v. Williams, 467 U.S. 431, 444 (1984); United States v. Heath, 455 F.3d 52, 55 (2d Cir. 2006). Courts consider: (1) the extent to which the warrant process had been completed at the time those seeking the warrant learned of the search; (2) the strength of the showing of probable cause at the time the entry occurred; (3) whether a warrant ultimately was obtained, albeit after the illegal entry; and (4) evidence that law enforcement agents 'jumped the gun' because they lacked confidence in their showing of probable cause and wanted to force the issue by creating a fait accompli. United States v. Lavan, 10 F. Supp.2d 377, 388 (S.D.N.Y. 1998) (citing United States v. Cabassa, 62 F.2d 470, 473 & n.2 (2d Cir. 1995)).

Prior to the warrantless entry, the application for a search warrant was complete (with the exception of the hotel room number) and it was submitted to Magistrate Judge Lindsay minutes

after the room number was obtained. Moreover, the showing of probable cause was strong, the warrant application was granted, and there is no evidence that the agents lacked confidence in the probable cause showing made to Magistrate Judge Lindsay, which was based upon extensive investigation prior to submission of the application.

Based upon the foregoing, the Court adheres to its original determination that there is no basis to suppress the contraband seized from the hotel room.

**SO ORDERED.**

s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: August 1, 2013
Central Islip, New York