

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

CNR:MPR
F. #2012R01666

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 21, 2014

By ECF

The Honorable Sandra J. Feuerstein
United States District Court
Eastern District of New York
1014 Federal Plaza
Central Islip, New York, 11722

      Re:    United States v. Eduard Munteanu
               Criminal Docket No. 12-698 (S-1) (SJF)

Dear Judge Feuerstein:

      Jury selection and trial in the above-referenced matter is scheduled to begin on October 6, 2014.  On March 7, 2014 and again on August 21, 2014, the government requested that the defendant stipulate to the authenticity of certain business records.  By letter to the Court dated September 3, 2014, the defendant responded that he would stipulate to the admissibility of business records from PNC Bank, Pentagon Federal Union, First Premier Bank, and Capital One Bank.  See Dkt. No. 71.[1]  The defendant indicated that he would not stipulate to the admissibility of the remaining business records that the government intends to introduce at trial.  See id.  Accordingly, the government hereby provides the defendant with notice of its intent to admit certified business records at trial as self-authenticating admissible hearsay and pursuant to Federal Rules of Evidence 902(11) and 803(6).

      The government intends to introduce at trial certified business records from corporate entities including PNC Bank, Enterprise Holdings, Apple Inc., AT&T, Sprint Corp., T-Mobile, Verizon, the Crowne Plaza Hotel, the Nassau County Correctional Center, Public Storage, Spirit Airlines, United Airlines, Yahoo!, Expedia.com, American Airlines, Sonesta Collection, Pentagon Federal Credit Union, First Premier Bank, Capital One Bank,

---

[1] The defendant has not yet signed the stipulation related to the admissibility of these business records.

and Royal Caribbean Cruises Limited, which have previously been produced in discovery (the "Certified Business Records"). These records include credit card records, cell phone records, bank records, travel records, consensually recorded phone calls, and records of the extraction of information from the defendant's cell phone. The government has obtained or will obtain certifications stating that the records are regularly kept in the course of business and were made at or near the time of the occurrence of the matters described therein. Certifications obtained to date are attached hereto. The government will disclose additional certifications as they become available.

Under Rule 902(11) of the Federal Rules of Evidence, the original or a copy of a domestic record of a regularly conducted activity is self-authenticating if it meets the requirements of Rule 803(6)(A)-(C),[2] "as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court." Fed. R. Evid. 902(11). Rule 803(6)(D) provides that a document may be qualified as a record of a regularly conducted activity "by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification." Fed. R. Evid. 803(6)(D); see also United States v. Michel, 879 F. Supp. 2d 291, 304 n.13 (E.D.N.Y. 2012) (bank representative's signed declaration under penalty of perjury sufficient to lay foundation for admission of bank records). Thus, "Rule 902(11) extends Rule 803(6) 'by allowing a written foundation in lieu of an oral one.'" United States v. Rom, 528 F. Appx. 24, 27 (2d Cir. 2013) (summary order) (citing 5 Weinstein's Federal Evidence § 902.13[1] (2d ed. 2008)).

If a party seeks to certify a business record pursuant to Rule 902(11) rather than by providing live testimony pursuant to Rule 803(6)(D), it "must give an adverse party reasonable written notice of the intent to offer the record – and must make the record and certification available for inspection – so that the party has a fair opportunity to challenge them." Rom, 528 F. Appx. at 27 (quoting Fed. R. Evid. 902(11)).

---

[2] Rule 803(6)(A)-(C) provides that records of an act or event are not excluded as hearsay if: "(A) the record was made at or near the time by – or from information transmitted by – someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; and (C) making the record was a regular practice of that activity." Fed. R. Evid. 803(6).

Here, the government intends to offer the Certified Business Records at trial pursuant to Rules 803(6)(D) and 902(11). As noted, the defendant has been or will be provided these documents and the corresponding business records certifications as part of the government's discovery obligations. Accordingly, the government respectfully requests that the Court admit at trial the Certified Business Records pursuant to Rules 902(11) and 803(6)(D).

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney

By:   /s/
        Michael P. Robotti
        Assistant U.S. Attorney
        (718) 254-7576

cc:     Kevin Keating, Esq. (by ECF)