KEVIN J. KEATING

Of Counsel
Stefani Goldin, Esq.

Paralegal
Colleen Fenton

# KEVIN J. KEATING
ATTORNEY AT LAW
666 OLD COUNTRY ROAD
SUITE 501
GARDEN CITY, NEW YORK 11530-2004
(516) 222-1099
Fax: (516) 683-8410

www.kevinkeatinglaw.com

MANHATTAN OFFICE:
40 WALL STREET
28TH FLOOR
NEW YORK, N.Y. 10007
(BY APPT. ONLY)

September 23, 2014

**VIA ECF**
Honorable Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *United States v. Munteanu*
Ind. CR12-0698

Dear Judge Feuerstein:

As you are aware, I am attorney for Mr. Munteanu. I write in response to the government's unusual letter application of September 22, 2014. Without citing to factual or legal support, the government seeks a Protective Order pursuant to Federal Rule of Criminal Procedure 16(d)(1), preventing the undersigned from disseminating the 18 U.S.C. 3500 and Giglio materials to any person other than the defendant, and preventing the defendant from bringing the material back to the institution where he is incarcerated. On several grounds, the application should be rejected.

Federal Rule of Criminal Procedure 16(d)(1) provides that the Court may grant a Protective Order, *for good cause shown*. Here, the government merely argues that as the 3500 and Giglio material contains information about three cooperators, the Protective Order is required as disclosure may result in the "witnesses and their families being placed in danger of retaliation or intimidation." This contention is ludicrous, and the government's bald, unsupported application should be rejected.

This matter has been pending for two years. As alleged, Munteanu had a friendly relationship with each of those with whom he engaged in the conspiracy. And, the government has already identified by conduct the cooperators in this case. Yet, the government has not, as they cannot, cited a single attempt by Munteanu to contact or intimidate any of the government's cooperating witnesses. Nor can the government argue Munteanu's affiliation with any organization prone to engage in acts of intimidation toward cooperating witnesses.

Additionally, Munteanu has an absolute right to assist in his defense, by appropriately and carefully reviewing all discovery material and 3500 and Giglio material, which he can only do in the facility in which he is housed. In this regard, it is of course worth noting that Munteanu has possessed the Rule 16 consensual recordings at the MDC, which reveal CW-1, for nearly two years.

In short, the existence of cooperators, without more, hardly constitutes the "good cause" required under Fed. R. Crim. Pro. 16(d)(1) to grant the requested relief. Accordingly, the government's application should be rejected.

Very Truly Yours,

KEVIN J. KEATING

KJK:cf

cc: Michael P. Robotti, Esq.
    Assistant United States Attorney

    Clerk of the Court